IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:09-cv-00404 (GLL) |
| | ) |
| RAND L. HAUSER, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER OF SALE

The Court ORDERS that the federal tax liens and the judgment lien on the real property known as 1612 Catherine Street, Latrobe, Pennsylvania ("Property"), matching the following legal description:

>All that certain lot or parcel of land situate in Latrobe Borough, Westmoreland County, Pennsylvania, and being known and designated as Lot No. 6 in the Jacob Fehr Plan of Lots, unrecorded, and being more particularly bounded and described as follows:
>Beginning at a point on the Easterly line of Catherine Street, in said Borough, on dividing line between the premises herein conveyed and Lot No. 5, now or formerly of Joseph A. Hill, in said plan; thence along said dividing line, North 89 degrees, 30 minutes East, a distance of 100 feet to the westerly line of a 10 foot alley; thence along the westerly line of said 10 foot alley, North 00 degrees, 30 minutes West, a distance of 50 feet to a point on the dividing line between premises herein conveyed and Lot No. 7, of said plan, now or formerly of Earl W. Campbell, Jr.; thence along said dividing line, South 89 degrees, 30 minutes West, a distance of 100 feet to a point on the easterly line of Catherine Street; thence along the easterly line of Catherine Street; South 00 degrees, 30 minutes East, a distance of 50 feet to the place of beginning. Said description being in accordance with the survey of James Richard Deglau, dated October 28, 1971.

      Having thereon erected a two-story frame house and garage.
      Being the same premises granted and conveyed to Karen W. Bridge by deed of Patrick B. Bridge and Karen W. Bridge, his wife, dated September 14, 1988 and recorded April 4, 1991 in the Office of the Recorder of Deeds of Westmoreland County, Pennsylvania, in Deed Book Volume 3011, page 052.

be foreclosed and that the Property be sold under Title 28, United States Code, §§ 2001 and 2002, as follows:

  1.  The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS"), is authorized to offer for public sale and to sell the Property.

  2.  The terms and conditions of the sale are as follows:

    a. The sale of the Property shall be free and clear of the interests of Rand L. Hauser and Karen Bridge Hauser, City of Latrobe, Commercial Bank & Trust of Pennsylvania, Westmoreland County Tax Claims Bureau, and Commonwealth of Pennsylvania, Department of Revenue.

    b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

    c. The sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises;

    d. The PALS shall announce the date and time for sale;

    e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of

general circulation in Westmoreland County, and, at the discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall contain a description of the property and shall contain the terms and conditions of sale in this order of sale;

  f. The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

  g. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by cash or by certified or cashier's check payable to the United States District Court for the Western District of Pennsylvania, a minimum of twenty percent of the bid. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

  h. The successful bidder(s) shall pay the balance of the purchase price for the Property to the clerk of this Court within thirty days following the date of the sale, by a certified or cashier's check payable to the United States District Court for the Western District of Pennsylvania. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the liabilities of Rand L. Hauser and Karen Bridge Hauser at issue herein. The Clerk shall distribute the deposit as directed by the PALS by

check made to the "United States Treasury". The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder. The United States may bid as a credit against its judgment without tender of cash;

 i. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the PALS shall execute and deliver its deed conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished.

 j. When this Court confirms the sale, the Recorder of Deeds of Westmoreland County, Greensburg, Pennsylvania shall cause transfer of the Property to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law;

 k. The sale of the Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

 3. Until the Property is sold, Rand L. Hauser and Karen Bridge Hauser shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property. They shall neither commit waste against the Property nor cause or permit

anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

  4. All persons occupying the Property shall vacate the Property permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to vacate the Property by the date specified in this Order, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected. Any personal property remaining on the Property 30 days after the date of this Order is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

  5. No later than two business days after vacating the Property pursuant to the deadline set forth in paragraph 4 above, Rand L. Hauser and Karen Bridge Hauser shall notify counsel for the United States of a forwarding address where they can be reached.

Notification shall be made by contacting the paralegal for the United States, Judy Beitsch at (202) 514-1273.

6. Pursuant to the Judgment in this case, the United States has an interest of $76,664.51 plus lien costs and statutory interest and additions accruing on that amount. Any other defendant wishing to claim an interest in the sale proceeds must submit to the Court evidence of its claim, the amount, and the priority of its claim within 45 days from the entry of this Order.

7. Pending the sale of the Property and until the deed to the Property is delivered to the successful bidder, the IRS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

8. After the Court confirms the sale, the sale proceeds are to be paid to the Clerk of this Court and applied to the following items, in the order specified:

    a. First, to the PALS for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court. If the Government is the successful bidder, and therefore has not tendered cash, the Government shall tender to the PALS the expenses of the sale;

    b. Second, all taxes unpaid and matured that are owed for real property taxes on the property;

    c. Third, Westmoreland County Tax Claim Bureau's tax lien;

    d. Fourth, the City of Latrobe's tax liens;

    e. Fifth, the Commercial Bank & Trust of Pennsylvania's mortgage lien;

    f. Sixth, the United States' lien filed June 7, 2005;

    g. Seventh, the United States' lien filed March 20, 2006;

    h. Eighth, the Commonwealth of Pennsylvania, Department of Revenue's lien for tax debts filed August 14, 2006; and

    i. Ninth, Rand L. Hauser and Karen Bridge Hauser.

Signed this 28th day of July, 2009

_____
UNITED STATES DISTRICT JUDGE